IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEONARD FARLEY,

    Plaintiff,                    CV F 06 1760 AWI  WMW P

    vs.                          ORDER DISMISSING COMPLAINT
                                  WITH LEAVE TO AMEND

DR. CAPOT, et al.,

    Defendants.

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        This action proceeds on the complaint.  Plaintiff, an inmate in the custody of the California Department of Corrections at CCI Tehachapi,  brings this civil rights action against Defendant Dr. Capot, M.D. and Defendant Dr. Tate, M.D.   Plaintiff claims that he was subjected to inadequate medical care such that it violated the Eighth Amendment's proscription of cruel and unusual punishment.

        In September of 2004, after complaining of stomach pain, Plaintiff was seen by Dr. Capot.  Plaintiff was again seen by Dr. Capot in October of 2004, and referred to an outside medical facility for an ultrasound.   Plaintiff alleges that Dr. Capot did not share the results of his ultrasound with him.  Plaintiff continued to complaint of stomach pain.

In January 2005, Plaintiff was transferred to another section at Tehachapi. Plaintiff was seen by Dr. Hirsch and referred to an outside facility for a catscan. Four days after the scan, Dr. Hirsch referred Plaintiff for surgery.   Dr. Tate, the Chief Medical Officer, refused to authorize the referral for surgery.  Plaintiff continued to complain of stomach pain and in March of 2005 was prescribed a pain reliever by Dr. Capot.

Dr. Capot "ordered immediate medical surgery deeming it urgent on March 1, 2005."  Plaintiff was eventually diagnosed with a tumor.[1] Plaintiff claims that the delay in medical care constitutes inadequate medical care.

**Under the Eighth Amendment, the government has an obligation to provide medical care to those who are incarcerated.  See Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000).  "In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'" Id.  (quoting Estelle v. Gamble, 429 U.S. 97. 104 (1976)).  Lopez takes a two-prong approach to evaluating whether medical care, or lack thereof, rises to the level of "deliberate indifference."  First, a court must examine whether the plaintiff's medical needs were serious.  See Id.  Second, a court must determine whether "officials intentionally interfered with [the plaintiff's] medical treatment." Id. at 1132.**

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06.  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth

---

[1] Though Plaintiff does not indicate so in his complaint, the medical records that he attaches to his complaint indicate that the tumor was not malignant.

1  Amendment.  Medical malpractice does not become a constitutional violation merely because the
2  victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern,
3  45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992),
4  overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997)(en
5  banc).  Even gross negligence is insufficient to establish deliberate indifference to serious
6  medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).  A prisoner's
7  mere disagreement with diagnosis or treatment does not support a claim of deliberate
8  indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

9  　　　　Here, Plaintiff fails to allege that Dr. Capot knew of a serious risk to Plaintiff's
10  health and acted with disregard to that risk.  Plaintiff alleges that Dr. Capot's response to
11  Plaintiff's complaints of pain were inadequate.  The allegations in the complaint sound in
12  negligence.  As noted, negligence, even gross negligence is insufficient to state a claim under the
13  Eighth Amendment.

14  　　　　As to Dr. Tate, Plaintiff alleges that, as Chief Medical Officer, he disagreed with
15  the request for referral.  Such a disagreement does not, of itself, subject Dr. Tate to liability.  Dr.
16  Tate must know of a specific harm to Plaintiff's health and act with deliberate indifference to
17  that harm.  The only conduct charged to Dr. Tate is that, as Chief Medical Officer, he disagreed
18  with Dr. Hirsch's recommendation.

19  　　　　Because Plaintiff has not allege facts indicating that the Defendants knew of and
20  disregarded a serious risk to Plaintiff's health or safety, the complaint must be dismissed.
21  Plaintiff will, however, be granted leave to file an amended complaint.

22  　　　　If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
23  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
24  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
25  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
26

there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:    August 3, 2007**           /s/  **William M. Wunderlich**
                                       UNITED STATES MAGISTRATE JUDGE