IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEONARD FARLEY,

    Plaintiff,                    1:06 CV 1760 LJO WMW PC

    vs.                           ORDER GRANTING DEFENDANTS'
                                   MOTION TO DISMISS

DR. CAPOT, et al.,

    Defendants.

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Pending before the Court is Defendants' motion to dismiss. Plaintiff has opposed the motion.

This action proceeds on the August 28, 2007, first amended complaint. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at CSP Sacramento, brings this civil rights action against Defendant Dr. Capot, M.D. and Defendant Dr. Tate, M.D., employees of the CDCR at CCI Tehachapi. Plaintiff claims that he was subjected to inadequate medical care such that it violated the Eighth Amendment's proscription of cruel and unusual punishment.

This action proceeds on the August 28, 2007, first amended complaint. The following allegations are taken from the first amended complaint.

On September 5, 2004, after complaining of stomach pain, Plaintiff was seen by

1

Dr. Capot. (Compl. § IV). Plaintiff complained of stomach pain that "consist of a sharp knife cutting pain. A substantial pain that impeded plaintiff from sitting, standing, bending, earing, and bowl [sic] movements." Id. Plaintiff explained his ongoing problem to Dr. Capot. Dr. Capot advised Plaintiff that he found nothing wrong and Plaintiff was returned to his cell. Id. Plaintiff was again seen by Dr. Capot on October 5, 2004. Dr. Capot referred Plaintiff to an outside medical facility for an ultrasound. (Compl., § IV; 6:26-27.) On November 19, 2004, Plaintiff was ducated to the medical clinic, but was not seen due to lack of medical staff. Plaintiff's request was "something for the pain." Though Plaintiff alleges that by December 12, 2004, the pain was extreme, he declined medical treatment on December 12th. Id., 4:3-7.

On January 7, 2005, Plaintiff was transferred to another section at Tehachapi. Plaintiff was seen by Dr. Hirsch and referred to an outside facility for a CT scan. Id., Ex. F, 29.) Dr. Hirsch obtained approval for the CT on January 10, 2005. Id. On January 14th, Plaintiff was ducated to medical, but was not seen due to restrictions on inmate movement. (Id., 4:10.) On January 21,. 2005, Plaintiff was seen by Dr. Hirsch. Dr. Hirsch ordered a CT scan of Plaintiff's abdomen. (Id., 4:11-16.) The CT of the abdomen revealed an "extremely large mass, which arises from the postlateral portion of the stomach and/or tail of the pancreas." (Compl., Ex. D.) On January 25, 2005, Dr. Hirsch submitted referred Plaintiff for a surgical consultation for a large undetermined mass. The consultation occurred on March 10, 2005. (Id., Ex. F, 30.) Dr. Tate denied the request for surgery. (Id., 4:20-22.)

Dr. Capot "ordered immediate medical surgery deeming it urgent on March 1, 2005." (Id., 4:22-23, 7:5-6.) Dr. Capot also prescribed pain medication (Compl. 7:7-10.) On March 4, 2005, Plaintiff was prescribed Tylenol with Codeine for abdominal pain. (Id., 4:24-27.) Plaintiff was eventually diagnosed with a tumor.[1] On March 10, 2005, Dr. Rodriguez performed a

---

[1] Though Plaintiff does not indicate so in his complaint, the medical records that he attaches to his complaint indicate that the tumor was not malignant.

2

consultation and recommended exploratory surgery in April 2005. (Id., Ex. F, 30.) On March 11, 2005, Dr. Capot submitted a request for urgent surgery. (Id., Ex. E.) That day, Plaintiff was referred to Dr. Rodriguez at Mercy Hospital for a laporotomy. (Id., 4:27.) Plaintiff claims that the delay in medical care constitutes inadequate medical care.

In considering a motion to dismiss for failure to state a claim, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)(citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). This well-settled rule is ". . . particularly applicable in pro se civil rights actions. . . " Glendora v. Cablevision Systems Corporation, 45 F.3d 36, 37 (2nd Cir. 1995).

Defendants argue in their motion that they are entitled to dismissal on the grounds that plaintiff has failed to state a claim upon which relief may be granted .

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint." Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cirr. 1998). In considering a motion to dismiss for failure to state a claim, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). The federal system is one of notice pleading. Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126

(2002). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which apply to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.

A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. Discovery and summary judgment motions - not motions to dismiss - "define disputed facts" and "dispose of unmeritorious claims." Id. at 512. "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (*quoting* Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (*quoting* Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (*citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981)

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing

4

Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm.  Farmer v. Brennan, 511 U.S. at 837.  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06.  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc).  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).  A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Deliberate indifference can be manifested by prison guards intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.  Estelle v. Gamble, 429 U.S. at 104-05.  However, where a prisoner alleges a delay in receiving medical treatment, the prisoner must allege that the delay led to further injury.  McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir.  1992), overruled on other grounds, WMX Techs, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997); Shapely v. Nevada Bd. of State Prison Comm'rs,

766 F.2d 404, 407 (9th Cir. 1985).

Dr. Capot argues that he did not act with deliberate indifference concerning Plaintiff's medical needs. Accepting the allegations of the complaint as true, Dr. Capot ordered an ultrasound, twice requested surgical intervention and prescribed pain medication. Defendants argue that Dr. Capot responded reasonably to Plaintiff's medical needs. As noted above, in order for Dr. Capot to be liable, he must know of and disregard and excessive risk to Plaintiff's health. Assuming the facts of the amended complaint as true, Dr. Capot, with one exception, responded with specific treatments or referrals. That Plaintiff did not receive a specific treatment on September 5, 2004, when Dr. Capot initially saw him does not, of itself, subject Dr. Capot to liability. That Dr. Capot, in his opinion, felt that Plaintiff did not need any specific treatment does not constitute deliberate indifference. As noted, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez, 891 F.2d at 242. There are no facts alleged that indicate Dr. Capot knew of a serious risk to Plaintiff's health on September 5, 2004, and acted with deliberate indifference to that risk, resulting in injury to Plaintiff. The facts alleged in the complaint indicate that the tumor that was eventually removed was malignant. There are no facts alleged indicating that any injury resulted in delay of removing the tumor.

Though it is clear from the amended complaint that it is Plaintiff's belief that he was subjected to unconstitutional medical care, the facts as alleged in the amended complaint do not support an Eighth Amendment claim. As noted above, the bar is high. Negligence, even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). The facts alleged in the first amended complaint, taken as true, indicate that Dr. Capot responded reasonably to Plaintiff's medical needs.

As to Dr. Tate, Plaintiff contends that Dr. Tate acted with deliberate indifference by

denying Dr. Hirsch's January 25,2005, recommendation for surgery and denying Dr. Capot's March 1, 2005, recommendation for surgery. Defendants correctly argue that allegations that consist of little more than differences of medical opinion are "insufficient, as a matter of law, to establish deliberate indifference." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996)(citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)). Other than Dr. Tate's disagreement over the need for surgery, there is no other conduct charged to Dr. Tate. There are no allegations that the decision taken by Dr. Tate in any way caused Plaintiff injury.

In his opposition, Plaintiff asks the Court to "look beyond the pleadings and decide disputed issues of fact, and to liberally construe the amended complaint." (Opp'n. 2:18-19.) Plaintiff contends that Defendants were aware of a subjectively serious condition and acted with disregard to that condition. Liberally construing the amended complaint, Plaintiff has alleged, at most, a delay in surgery. There are no allegations, however, that the delay caused Plaintiff's injury. Dr. Capot saw Plaintiff on many occasions, and prescribed the treatment that, in his view, was appropriate. Dr. Tate disagreed with a recommendations of Dr. Capot's. Neither of these actions, of themselves, subjects Defendants to liability.

Accordingly, IT IS HEREBY ORDERED that Defendants' motion to dismiss is granted, and this action is dismissed for failure to state a claim upon which relief could be granted. The Clerk is directed to close this case.

IT IS SO ORDERED.

**Dated:   March 25, 2009**            /s/ Lawrence J. O'Neill
                                      UNITED STATES DISTRICT JUDGE