# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD FARLEY, | CASE NO.    1:06-cv-01760-LJO-MJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION BE DENIED |
| v. | |
| DOCTOR E. CAPOT, et al., | |
| Defendants. | (ECF No. 54) |
| | OBJECTIONS DUE WITHIN THIRTY DAYS |

_____/

Plaintiff Leonard Farley ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  The action is proceeding on Plaintiff's Amended Complaint filed August 28, 2007 (ECF No. 15).  Plaintiff alleges Defendant Harold Tate violated Plaintiff's Eighth Amendment rights by demonstrating deliberate indifference to Plaintiff's  serious medical needs.

On October 4, 2010, Plaintiff filed a motion for a preliminary injunction. (ECF No. 54.)  Plaintiff's Motion requests that he be transferred from his current location,  Folsom Prison, to either Vacaville Prison or California Men's Colony Prison where he will receive

1

"proper housing and medical care." Plaintiff highlights exhibits attached to his motion to support his argument that he will suffer irreparable harm if he continues to be held in his current facility. (Pl.'s Mot. for Prelim. Inj., Ex. A - C; ECF No. 54, pp. 8-20.) Attachment A to the motion is a summary of Plaintiff's medical history, current conditions, treatment options, and recommendations. It appears therefrom that Plaintiff has an abdominal tumor and that trauma to the tumor area causes pain, bleeding, nausea, and vomiting. It is recommended, among other things, that he avoid trauma to the abdomen and decrease his activity level to prevent persistent trauma. However, the exhibits also reflect that Plaintiff's condition has remained stable on the current treatment regimen at his current facility. Moreover, it also appears Plaintiff was given the option of moving to the Out-Patient Housing unit in his current facility (on the recommendation of his primary care physician), but Plaintiff apparently refused to be so moved.

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 129 S.Ct. 365, 376 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter, 129 S.Ct. at 374). The standard for a permanent injunction is essentially the same as for a preliminary injunction, with the exception that the plaintiff must show actual success, rather than a likelihood of success. See Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 546 n. 12 (1987). However, the Ninth Circuit has recently revived the "serious questions" sliding scale test, and ruled that a preliminary

2

injunction may be appropriate when a plaintiff demonstrates serious questions going to the merits and the balance of hardships tips sharply in plaintiff's favor.  Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1052-53 (9th Cir. 2010).

In cases brought by prisoners involving conditions of confinement, the Prison Relief Reform Act (PLRA) requires that any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2). Moreover, where, as here, "a plaintiff seeks a mandatory preliminary injunction that goes beyond maintaining the status quo pendente lite, 'courts should be extremely cautious' about issuing a preliminary injunction and should not grant such relief unless the facts and law clearly favor the plaintiff."  Committee of Central American Refugees v. I.N.S., 795 F.2d 1434, 1441 (9th Cir. 1986) (quoting Martin v. International Olympic Committee, 740 F.2d 670, 675 (9th Cir. 1984)).

The Court finds that Plaintiff has failed to satisfy the prerequisites to injunctive relief. Significantly, he has made no showing that he is likely to suffer irreparable harm if he is not moved to one of the facilities he requests.  Indeed, the evidence indicates his condition is stable with the current treatment regimen at his current facility.  There is no reason to believe that his present facility is less capable of following medical recommendations than another.

Plaintiff has not shown a likelihood of success on the merits of his case.  His Motion barely references the instant action or the single remaining Defendant.  Instead, Plaintiff refers to a new grievance, new defendants, and the possibility of a new case.  This potential future action is irrelevant to the instant action.

3

The Court also notes that granting Plaintiff's request to be transferred would disrupt, not maintain, the status quo.  His requested injunctive relief goes beyond any medical recommendation and can not be said to be narrowly drawn.  Lastly, Plaintiff does not attempt to balance equities or the public interest.

In summary, the Court finds that Plaintiff has failed to meet his burden with respect to the issuance of an injunction.  Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's Motion for a Preliminary Injunction be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).  See also Robbins v. Carey, 481 F.3d 1143, 1146-47 (9th Cir. 2007).


IT IS SO ORDERED.

Dated:   December 5, 2010        /s/ Michael J. Seng

ci4d6                                  UNITED STATES MAGISTRATE JUDGE

4