UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD FARLEY,<br><br>            Plaintiff,<br><br>    v.<br><br>DOCTOR E. CAPOT, et al.,<br><br>            Defendants.<br>_____/ | CASE NO.   1:06-cv-01760-LJO-MJS (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br>(ECF No. 54) |

**ORDER**

Plaintiff Leonard Farley ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

This action is proceeding on Plaintiff's Amended Complaint, filed August 28, 2007 (ECF No. 15), against Defendant Harold Tate for deliberate indifference to Plaintiff's serious medical need in violation of the Eighth Amendment.

On October 4, 2010, Plaintiff filed a motion seeking a preliminary injunction. (ECF No. 54.)  In that Motion Plaintiff requests that he be transferred from his current location

1

to either Vacaville Prison or California Men's Colony Prison so he can receive "proper housing and medical care." Plaintiff highlights exhibits attached to his motion to support his claim that he will suffer irreparable harm if he continues to be held in his current facility. (Pl.'s Mot. for Prelim. Inj., Ex. A - C; ECF No. 54, pp. 8-20.) Attachment A is a medical summary of Plaintiff's medical history, conditions, treatment options, and medical recommendations. One recommendation is that Plaintiff avoid trauma to the abdomen and decrease activity to prevent cumulative trauma to an abdominal tumor. Plaintiff claims that continued trauma and activity will cause the tumor to become deadly.

The matter was referred to a United State Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On December 6, 2010, the Magistrate Judge filed a Findings and Recommendation recommending that Plaintiff's Motion for Preliminary Injunction be denied. (ECF No. 58.) The Magistrate Judge found that Plaintiff failed to meet the legal prerequisites for injunctive relief.[1] In his objection, Plaintiff repeats the arguments made in his motion and contends that moving him to the Out-Patient Housing Unit, an option presented by prison officials, is not viable because it does not afford him program opportunities.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendation to be supported by the record and by proper analysis.

---

[1] "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter v. Natural Res. Defense Council, 129 S.Ct. 365, 374 (2008)).

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation, filed December 6, 2010, is ADOPTED; and

2. Plaintiff's Motion for Preliminary Injunction is DENIED.

IT IS SO ORDERED.

**Dated:   January 7, 2011**              /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE